IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD LANE GLOVER                                                                      PLAINTIFF

v.                                      Civil No. 2:24-cv-02092-TLB-MEF

CRAWFORD COUNTY JAIL and
KYLE WHITE (Jailer, Crawford County)                                                     DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I.     BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on July 5, 2024. (ECF No. 2). It was transferred to this District on July 17, 2024. (ECF No. 5). On July 19, 2024, the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* ("IFP") application and an Amended Complaint. (ECF Nos. 8, 9). In the Order directing Plaintiff to submit a completed IFP application, Plaintiff was advised that he could not leave sections of the IFP application form blank. (ECF No. 8). Plaintiff submitted his Amended Complaint and second IFP application on July 26, 2024. (ECF Nos. 10, 11). On July 30, 2024, the Court entered a second Order noting that Plaintiff had left most of the second IFP application blank, and it directed Plaintiff to submit a completed IFP application. (ECF No. 12). On August 21, 2024, Plaintiff submitted his third IFP application. (ECF No. 13). Once again, other than including his name in

1

the caption, and indicating that he is being held at the Crawford County Jail, all the substantive sections of the IFP application form have been left entirely blank, with only his signature at the end. A Certificate of Inmate Account and Assets is attached, but this concerns only the inmate's institutional account, and it does not cover any other income or assets. To date, Plaintiff has failed to either submit a completed IFP application or pay the filing fee.[1]

## II.　　LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

---

[1] The Court notes that Plaintiff also failed to follow the directions on the § 1983 Complaint form, which advised him that "[t]he jail or detention center is a building and cannot be sued." (ECF No. 10, p. 2).

### III. ANALYSIS

Plaintiff has failed to comply with two Court Orders and has, instead, submitted two IFP applications (ECF Nos. 11, 13) that have not been completed as directed by the Court. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Amended Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 10) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of September 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE